# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1　U.S. Government Plaintiff
- ❏ 2　U.S. Government Defendant
- ❏ 3　Federal Question *(U.S. Government Not a Party)*
- ❏ 4　Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | ❏ 380 Other Personal Property Damage | | ❏ 863 DIWC/DIWW (405(g)) | |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 751 Family and Medical Leave Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | | | | | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**　☒ Yes　❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____　DOCKET NUMBER _____

DATE _____　SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #　　AMOUNT　　APPLYING IFP　　JUDGE　　MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA CASTELLON, individually and on behalf of those similarly situated, 49 Ridgedale Avenue Morristown, NJ 07960 : Plaintiff, : v. : MORRIS FARMERS MARKET, LLC 30 Lafayette Avenue Morritown, NJ 07960 : Defendant : | **JURY DEMANDED** Civil Action No._____ |

### INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT

Named Plaintiff Maria Castellon (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Morris Farmers Market, LLC (hereinafter referred to as "Defendant").

### INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendant's violations the Fair Labor Standards Act ("FLSA") and the New Jersey Wage Payment Law (hereinafter said New Jersey laws are collectively referred to as the "New Jersey Wage Laws").

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.      Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

4.      Named Plaintiff, Maria Castellon, is an adult individual residing at 49 Ridgedale Avenue, Morristown, Morris County, New Jersey.

5.      Defendant, Morris Farmers Market, LLC, is a New Jersey limited liability company which has a principal place of business at 30 Lafayette Avenue, Morristown, Morris County, New Jersey.

6.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all time relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all employees and other similar non-exempt employees presently and formerly employed by Defendant at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Class Plaintiffs").

9. Named Plaintiff and Class Plaintiffs work and/or worked for Defendant within the last three years.

10. Named Plaintiff and Class Plaintiffs are similarly situated, have similar job duties, have similar pay provisions, and are all subject to Defendant's unlawful policies and practices as discussed *infra*.

11. There are numerous similarly situated current and former employees of Defendant who Defendant failed to pay minimum wage and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join the present lawsuit.

12. There are numerous similarly situated current and former employees of Defendant who Defendant failed to pay overtime and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

15. The foregoing paragraphs are incorporated herein as if set forth in full.

16. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings her claims for relief to redress Defendant's violations of New Jersey Wages Laws on behalf of herself and those similarly situated.

17. Specifically, Named Plaintiff seeks to bring this action on behalf of all employees, and other similar non-exempt positions presently and formerly employed by Defendant in New Jersey subject to Defendant's unlawful pay practices and who worked for Defendant at any point the three years preceding the date the instant action was initiated (the members of this putative class are also referred to as "Class Plaintiffs").

18. Named Plaintiff and Class Plaintiffs are similarly situated, have similar job duties, have similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

19. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant.

20. Named Plaintiff's claims are typical of the claims of Class Plaintiffs because Named Plaintiff, like all Class Plaintiffs, was employed by Defendant within the last three years in New Jersey (a) whom and whom Defendant required to work more than 40 hours per workweek and then failed to pay proper overtime wages (b) Defendant failed to pay minimum wage as required by New Jersey Wage Laws.

21. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

22. Therefore, Named Plaintiff should be permitted to bring this action as a class action for and on behalf of herself and those employees similarly situated.

## FACTUAL BACKGROUND

23. The foregoing paragraphs are incorporated herein as if set forth in full.

24. In or about April 2017, Defendant hired Named Plaintiff as a floor associate.

25. Named Plaintiff's job duties included organizing produce and conducting inventory.

26. Defendant paid Named Plaintiff $500.00 per week.

27. Named Plaintiff regularly worked twelve (12) hour days, six (6) days per week.

28. Upon information and belief, Defendant required all employees to work similar shifts for a similar rate of pay.

29. However, due to Defendant's policies and practices, Defendant paid Named Plaintiff $500.00 per week regardless of the number of hours Named Plaintiff worked in a week, thereby failing to pay Named Plaintiff at the minimum wage rate and/or for hours spent working in excess of forty (40) hours per week.

30. Class Plaintiffs regularly worked/work full workweeks, which consisted/consist of working in excess of forty (40) hours per week.

31. Upon information and belief, Class Plaintiffs also worked/work for a set wage per week regardless of how many hours Class Plaintiffs worked per week.

32. However, due to Defendant's policies and practices, as detailed herein, Defendant failed/fails to pay Class Plaintiffs minimum wage or for hours spent working in excess of forty (40) hours per week.

**Overtime Violations**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. Named Plaintiff regularly worked at least forty (40) hours each workweek.

35. Defendant required Named Plaintiff to work in excess of forty (40) hours each workweek.

36. Defendant paid Named Plaintiff $500.00 per week regardless of the number of hours Named Plaintiff worked.

37. Accordingly, Defendant evaded paying Named Plaintiff for all hours worked in excess of forty (40) hours per work week.

38. Defendant required Class Plaintiffs to work in excess of forty (40) hours each workweek.

39. Defendant paid Class Plaintiffs a set amount per week regardless of the number of hours Named Plaintiff worked.

40. Accordingly, Defendant evaded paying Named Plaintiff for all hours worked in excess of forty (40) hours per workweek.

6

41. The aforementioned conduct has caused damages to Named Plaintiff and Class Plaintiffs.

### Minimum Wage Violations
### (Named Plaintiff and Class Plaintiffs v. Defendant)

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. Defendant required Named Plaintiff to work as a cashier at $500.00 per week.

44. Defendant required Named Plaintiff to work seventy-two (72) hours per week.

45. Defendant paid Named Plaintiff $500.00 per week regardless of the number of hours Named Plaintiff worked.

46. Upon information and belief, Defendant required Class Plaintiffs to work the same schedule as Name Plaintiff and for a similar flat rate of pay.

47. In 2017, New Jersey Minimum Wage was $8.33 per hour.

48. In 2017, Federal Minimum Wage was $7.25 per hour.

49. Defendant paid Named Plaintiff $6.94 per hour.

50. Accordingly, Defendant paid Named Plaintiff and Class Plaintiffs below minimum wage.

51. The aforementioned violations have caused damages to Named Plaintiff and Class Plaintiffs.

### COUNT I
### Violation of the Fair Labor Standards Act
### (Failure to Pay Overtime Compensation)

52. The foregoing paragraphs are incorporated herein as if set forth in full.

53. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

54. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Class Plaintiffs.

55. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the FLSA.

56. Under the FLSA, an employer must pay a non-exempt employee at least one and a half times his/her base rate for each hour worked in excess of forty hours per workweek.

57. At all relevant times herein, Name Plaintiff and Class Plaintiffs were/are not "exempt" employees for purposes of the overtime provisions of the FLSA.

58. Defendant failed/fails to pay for hours worked by Named Plaintiffs and Class Plaintiffs in excess of 40 per workweek.

59. Defendant's conduct was and is willful and not based upon any reasonable interpretation of the law.

60. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

### COUNT II
### Violation of the Fair Labor Standards Act
### (Failure to Pay Minimum Wage)

61. The foregoing paragraphs are incorporated herein as if set forth in full.

62. At all times relevant herein, Defendant was/is an employer within the meaning of the FLSA.

63.  At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Class Plaintiffs.

64.  At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the FLSA.

65.  Under the FLSA, an employer must pay an employee a minimum wage of $7.25 per hour.

66.  At all times relevant herein, Defendant failed/fails to pay Named Plaintiff and Class Plaintiffs minimum wage.

67.  Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs minimum wage was/is willful and not based upon any reasonable interpretation of the law.

68.  As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT III
### Violation of New Jersey Wage Laws
**(Failure to Pay Overtime Compensation)**

69.  The foregoing paragraphs are incorporated herein as if set forth in full

70.  At all times relevant herein, Defendant has and continues to be an employer within the meaning of the New Jersey Wage Laws. *See* N.J.S.A. 34:11-56a32.

71.  At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Class Plaintiffs.

72. At all times relevant herein, Named Plaintiffs and Class Plaintiffs were/are employed with Defendant as employees within the meaning of the New Jersey Wage Laws.

73. Under the New Jersey Wages Laws, an employer must pay a non-exempt employee at least one and one half times her base rate for each hour worked in excess of forty hours per workweek.

74. At all relevant times herein, Name Plaintiff and Class Plaintiffs were/are not "exempt" employees for purposes of the overtime provisions of the New Jersey Wage Laws.

75. Defendant's violations of the New Jersey Wage Laws include failing to pay Named Plaintiff and Class Plaintiffs for hours worked in excess of 40 per workweek.

76. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs properly was and is willful and was not based upon any reasonable interpretation of the law.

77. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**COUNT IV**
**Violation of New Jersey Laws Against Discrimination**
**(Failure to Pay Minimum Wage)**

78. The foregoing paragraphs are incorporated herein as if set forth in full

79. At all times relevant herein, Defendant was/is an employer within the meaning of the New Jersey Wage Laws.

80. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Class Plaintiffs.

81. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendant as employees within the meaning of the New Jersey Wage Laws.

82. Under the New Jersey Wages Laws, an employer must pay an employee a minimum wage of $8.44 per hour in 2017 and $8.60 per hour in 2018.

83. At all times relevant herein, Defendant failed/fail to pay Named Plaintiff and Class Plaintiffs minimum wage.

84. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiff minimum wage was/is willful and not based upon any reasonable interpretation of the law.

85. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## VII. RELIEF REQUESTED

**WHEREFORE,** Named Plaintiff and Class Plaintiffs demand judgment in their favor and against Defendant and that this Court enter an Order providing that:

A. Defendant is prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state wages and hours laws and state discrimination laws;

B. Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants illegal actions, including but not limited to past lost earning. Named Plaintiff and Class Plaintiffs should be accorded those benefits illegally withheld;

C. Named Plaintiffs and Class Plaintiffs are to be awarded liquidated damages as applicable under the Fair Labor Standards Act and New Jersey Wage Laws in an amount equal to the actual damages in this case;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

E. Any other further relief this Court deems just proper and equitable.

Date: July 30, 2018                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: */s/ Graham F. Baird*
**GRAHAM F. BAIRD, ESQUIRE** (Pa. Id. No. 92692)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110
Tel.: (267) 546-0131
Fax: (215) 944-6124
Email: grahamb@ericshore.com
*Attorney for Plaintiff, Maria Castellon*